AMY K. VAN ZANT (State Bar No. 197426)
avanzant@orrick.com
JASON K. Yu (State Bar No. 274215)
jasonyu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Defendant
TALKDESK, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANDREW PHAM, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TALKDESK, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 2:22-cv-05325-MCS-JPR<br><br>**DEFENDANT TALKDESK, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 48-1) IN RESPONSE TO ORDER (ECF NO. 72)**<br><br>Date:   February 6, 2023<br>Time:   9:00 a.m.<br>Ctrm:   7C<br>Judge:  Honorable Mark C. Scarsi |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

TALKDESK SUPPLEMENTAL REPLY
ISO MOTION TO DISMISS SAC
2:22-CV-05325-MCS-JPR

The Court has asked the parties to brief whether and to what extent the Court may consider Pham's Talkdesk Employment Agreement in order to resolve the dispute over whether Pham was rendering business or legal advice as in-house counsel to Talkdesk.

The Court can and should consider the Employment Agreement as part of the SAC under the doctrine of incorporation. Separately, the Court has already deemed the Agreement incorporated by reference into the FAC and, accordingly, can consider it for purposes of refuting contrary allegations in the SAC (such as Pham's allegations regarding his title and work at Talkdesk). Moreover, Pham nowhere alleges that he was not Talkdesk's attorney. In fact, he admits that he was at least Talkdesk's patent attorney in opposition to the present motion and the SAC describes all kinds of legal work that Pham performed at Talkdesk. Accordingly, even without the Employment Agreement, the Court can find that Pham was Talkdesk's lawyer for this additional reason.

### A. The Court Should Deem the Employment Agreement Incorporated by Reference.

#### 1. The Court Has the Authority to Consider Incorporation by Reference *Sua Sponte*.

Talkdesk cited and referred to Pham's employment agreement in its motion. *See, e.g.*, ECF No. 51 at 2 and 19. Even if Talkdesk had not done so, however, Courts routinely find that they have the inherent authority to consider whether a document has been incorporated by reference even when not raised by the parties. *See, e.g., Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (the court *sua sponte* incorporated by reference a CD-ROM copy of officer body cam video footage and considered it in deciding defendants' motion to dismiss without converting the motion to one for summary judgment); *Raudelunas v. City of Vallejo*, No. 2:21-cv-00394-KJM-JDP, 2022 WL 329200, at *1 (E.D. Cal. Feb. 3, 2022) (court *sua sponte* considered video footage from police cameras on motion to dismiss where neither party had requested that the Court do so but the complaint

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

TALKDESK SUPPLEMENTAL REPLY
ISO MOTION TO DISMISS SAC
2:22-CV-05325-MCS-JPR

1  referenced video of the incident); and *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d
2  903, 935 n.12 (N.D. Cal. 2020) (court may sua sponte consider materials whose
3  contents are alleged in a complaint and whose authenticity no party questions, but
4  that are not physically attached to the pleading.).

### 2. The SAC Incorporates the Agreement by Reference.

With the Court free to consider whether the Employment Agreement is incorporated by reference, the next question is whether the Agreement meets the legal test for that doctrine. A Court can consider documents outside the complaint pursuant to the "incorporation by reference" doctrine when ruling on a motion to dismiss if "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Here, Pham has alleged the contents of the Employment Agreement in the SAC **and** the SAC also necessarily relies upon the Employment Agreement as the basis for Pham's remaining claims, satisfying the first element of finding incorporation by reference in either of the two accepted ways. Likewise, Pham has not contested the authenticity of the Agreement and it is clearly relevant to the present matter.

In more detail, Pham alleges and refers to the contents of the Employment Agreement multiple times in the SAC. Pham directly refers to the contents of the Employment Agreement in alleging that Talkdesk both "offered Mr. Pham the position of [the CEO's] 'right-hand man' with a title of SVP of Business . . . " and "a salary, bonuses, and stock options," and that "Mr. Pham accepted the offer of employment by Talkdesk." D.E. 59, ¶¶ 9, 11. Pham again refers to the Employment Agreement in alleging the claim elements for his whistleblower protection and retaliation claims. *See* D.E. 59 (unredacted SAC), ¶¶ 64 ("Mr. Pham was employed by Talkdesk.") and 75 ( "Talkdesk was Mr. Pham's employer).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

TALKDESK SUPPLEMENTAL REPLY
ISO MOTION TO DISMISS SAC
2:22-CV-05325-MCS-JPR

Courts have routinely found references such as those made in the SAC to the Employment Agreement sufficient in determining that a complaint necessarily relies upon a document or that the contents of the document are alleged in a complaint. *See, e.g., In re Silicon Graphics Inc.*, 183 F.3d 970, 986 (9th Cir. 1999) (incorporation by reference of SEC filings was affirmed where plaintiff relied on the contents of the SEC filings in her complaint and her allegations were based in part on a review of those filings); *Parrino v. FHP, Inc*., 146 F.3d 699, 706 n. 4 (9th Cir. 1998), *rev'd by statute on other grounds* (district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan and his claims depended on the conditions described in the documents[1]).  Thus, Pham's reference to and reliance on the Employment Agreement satisfies the first element for determining whether the incorporation by reference doctrine applies.

Separately, as discussed herein at fn. 1, Pham's whistleblower protection and retaliation claims each depend on the existence of the employee/employer relationship established by the Employment Agreement and whether he was employed as Talkdesk's lawyer is central to his remaining claims.  This is a separate basis for incorporating the Employment Agreement by reference. *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) (considering newspaper article containing allegedly defamatory statement under the "incorporation by reference" doctrine where it was "central" to plaintiff's claim)

Next, the authenticity of the Employment Agreement is not in question.  This Court has already "deem[ed] the Employment Agreement incorporated by reference into the FAC" in ruling on Talkdesk's Motion to Dismiss Pham's FAC and, in

---

[1] Pham's whistleblower protection and retaliation claims are both "dependent" on the existence of an employee/employer relationship.  *See* CACI 2430 (Plaintiff must prove "That [name of plaintiff] was employed by [name of defendant]") and CACI 4603 (Plaintiff must prove "That [name of defendant] was [name of plaintiff]'s employer.").

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

TALKDESK SUPPLEMENTAL REPLY
ISO MOTION TO DISMISS SAC
2:22-cv-05325-MCS-JPR

doing so, necessarily determined that the authenticity of the Agreement was not contested. ECF No. 39 (Order) at 2, fn. 1; *see also Davis v. HSBC Bank Nevada, N.A.*, No. 10-56488, 2012 WL 3804370 at *10375-77 (9th Cir. Aug. 31, 2012) (document incorporated by reference is treated as part of the pleading). Pham himself conceded the authenticity in the FAC when he pled, "In 2019, Talkdesk agreed in writing and orally to compensate Mr. Pham in his position and tile of SVP of Business, including salary, bonuses, and stock options" and that "Talkdesk's compensation agreements on behalf of Mr. Pham were and are binding agreements." D.E. 22 (redacted FAC), ¶ 64; *see also* D.E. 27 (Pham's Opp. to MTD FAC) at 4 (averring that the allegations at ¶ 11 of the FAC (which are identical to those at ¶ 11 of the SAC) "summarize the essential terms of the asserted agreement Talkdesk breached"). Thus, Pham has never suggested anything but that the Employment Agreement is authentic.

Finally, there are no disputed issues as to the relevance of the Employment Agreement to the issue of whether Pham was Talkdesk's lawyer. As a result, all three required elements for applying the doctrine of incorporation by reference apply here to the Employment Agreement and the SAC.

### B. The FAC Contradicts Pham's Title Allegation in the SAC.

Separately, the Court can also consider Pham's Employment Agreement on the pending motion because it has already been deemed part of the FAC. "Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'" *Azadpoour v. Sun Microsys., Inc.*, No. 06-3272, 2007 WL 2141079, at *2 n.2 (N.D. Cal. July 23, 2007) (internal citations omitted); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329-30 (9th Cir. 1981) (trial judge has the authority to strike false allegations based on Fed. R. Civ. Proc. 11). Indeed, "While a district court must accept a plaintiff's allegations as true in ruling on a motion to dismiss, it need not accept [such] allegations where they

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

TALKDESK SUPPLEMENTAL REPLY
ISO MOTION TO DISMISS SAC
2:22-cv-05325-MCS-JPR

contradict what was alleged in a prior Complaint." *Adams v. United of Omaha Life Ins. Co.*, No. SACV12969JSTJPRX, 2013 WL 12113225, at *3 (C.D. Cal. Jan. 10, 2013); *see also see also McKenna v. WhisperText*, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (granting motion to dismiss where deficiency of claims was "undeniable from [plaintiff's] ***previous*** allegations") (emphasis added); *Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-0221 EMC, 2010 WL 114010, at *8 (N.D. Cal. Jan. 7, 2010) (district court need not accept facts in new complaint as true where they are contradicted by facts alleged in a prior pleading) (internal citation omitted).

Here, the Court has already found that Pham's Employment Agreement was incorporated into the FAC. ECF No. 39 (Order) at 2 n. 1. Accordingly, the Court can consider the Employment Agreement (and the rest of the FAC) to determine whether it should accept as true the allegations in the SAC, including, for example, Pham's "disingenuous" "factual allegation that his title was "SVP of Business." ECF 72 at 1-2. The Employment Agreement, and thus the FAC, contradict that allegation and, the Court thus need not accept it as true.

### C. <u>Pham Admits He Was Talkdesk's Lawyer.</u>

The Court contends that it "would be left only to accept Pham's factual allegation that he was not serving as counsel to Talkdesk, however disingenuous that assertion may be" if the Employment Agreement is not considered. D.E. 72 at 1. However, Pham does not actually contend that he was not Talkdesk's lawyer; instead, he admits in his opposition that he was at least Talkdesk's patent attorney (D.E. 52 at 3-4) and, despite that admission, alleges the legal conclusion that certain communications with Talkdesk employees did not "involve[] any communications made for the purposes of soliciting legal advice." D.E. 59, ¶¶ 65-58, 76. But a court need not credit legal allegations as true on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In fact, there is no dispute that Pham was acting at Talkdesk's attorney. Nothing about Pham's alleged title (incorrect though it is) precludes him from having

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

TALKDESK SUPPLEMENTAL REPLY
ISO MOTION TO DISMISS SAC
2:22-cv-05325-MCS-JPR

1   some legal responsibilities.  Indeed, Pham's allegations, taken as a whole, suggest that

2   he was performing substantial legal work.  *See, e.g.,* D.E. 59, ¶ 13, 23, 34, and 51

3   (Talkdesk employees told Pham they intended to "whistle blow"), 14 (Pham

4   outlined policies, procedures, and processes for the legal department), 18 (Pham

5   directed the disclosure, drafting, and filing of more than 200 patents), 26 (Pham

6   determined there was "no legitimate legal mechanism or rationale" for clawing

7   back stock options), and 49 (Pham was asked to serve as CEO's "private counsel").

8        These allegations are sufficient to determine Pham alleges that he was acting

9   as Talkdesk's lawyer.  *Responsible Citizens v. Superior Court (1993)* 16 Cal. App.

10  4th 1717, 1733 (court should consider whether the totality of the circumstances

11  implies such a relationship in determining whether attorney-client relationship

12  exists).  Indeed, the court handling the *Engineer v. Talkdesk* dispute involving

13  Pham recently concluded that Pham was Talkdesk's lawyer and disqualified him

14  from working in any capacity on the *Engineer* litigation going forward.  Ex. A,

15  (*Engineer.ai Corp. et al v. Talkdesk, Inc.,* Case No. 22STCV22161 Cal. Sup.

16  County of Los Angeles, 2/28/2023 Order Granting Motions to Disqualify) at 4-7.

17

18  Dated:   March 20, 2023                    ORRICK, HERRINGTON & SUTCLIFFE LLP

19

20                                              By:  /s/ Amy K. Van Zant
21                                                   AMY K. VAN ZANT
                                                     Attorneys for Defendant
22                                                   TALKDESK, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

TALKDESK SUPPLEMENTAL REPLY
ISO MOTION TO DISMISS SAC
2:22-cv-05325-MCS-JPR