AMY K. VAN ZANT (State Bar No. 197426)
avanzant@orrick.com
JASON K. YU (State Bar No. 274215)
jasonyu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: 650-614-7400
Facsimile: 650-614-7401

**NOTE: CHANGES MADE BY THE COURT**

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant
TALKDESK, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDREW PHAM, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>TALKDESK, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 2:22-cv-05325-MCS-JPR;<br>    2:22-cv-05964-MCS-JPR<br><br>**FIRST AMENDED STIPULATED PROTECTIVE ORDER** |
| ANDREW PHAM, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>TALKDESK, INC., a Delaware corporation,<br><br>    Defendant. | |

1. INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following First Amended Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Protected Material under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

This Action may involve sensitive confidential information, including confidential business and financial information and privileged communications between attorneys and clients. Mr. Pham was Talkdesk's "SVP, Business & Counsel" from June 2019 to June 2020.

In his claims, Mr. Pham asserts that Talkdesk wrongfully terminated him because he refused to engage in numerous unlawful actions requested by Talkdesk employees. *Andrew Pham v. Talkdesk, Inc.*, C.A. No. 2:22-cv-05325-MCS-JPR (C.D. Cal.) ("*Pham v. Talkdesk*") at ECF No. 43 (Pham Second Amended Complaint). Mr. Pham further contends that, because of his refusal, Talkdesk believed that Mr. Pham disclosed or might disclose Talkdesk's nefarious requests to persons with authority or ability to investigate Talkdesk. *Id.* Mr. Pham further contends that, based on this belief, Talkdesk terminated Mr. Pham in direct

violation of Cal. Lab. Code § 1102.5 (Violation of Whistleblower Protection). *Id.* In its defense, Talkdesk asserts that Mr. Pham was Talkdesk's most senior attorney and that the conversations he was privy to were privileged communications that (a) cannot be the basis for an attorney claim for wrongful termination or whistleblower violations and, in any event, (b) do not constitute protected activity. *See, e.g., Pham v. Talkdesk* at ECF No. 51 (Talkdesk Motion to Dismiss Second Amended Complaint). Information relevant to these claims and defenses may include privileged information that Mr. Pham learned while he was an attorney for Talkdesk.

In its own affirmative claims, Talkdesk asserts (among other things) that Mr. Pham is using sensitive, confidential, proprietary, and privileged information that he learned while working as Talkdesk's most senior attorney to extort Talkdesk for additional compensation that he is not entitled to. *See, e.g., Talkdesk, Inc. v. Andrew Pham*, C.A. No. 2:22-cv-05964-MCS-JPR (C.D. Cal.) ("*Talkdesk v. Pham*") at ECF No. 1 (Talkdesk Complaint). Talkdesk contends that these claims and defenses will likewise involve discovery into privileged information that Mr. Pham learned while he was acting as Talkdesk's attorney and his use of that information after he departed. In his defense, Mr. Pham asserts that Talkdesk's claims are devoid of any factual basis and there is *no evidence* that Mr. Pham misused Talkdesk's information in any way. *See, e.g., Talkdesk v. Pham* at ECF No. 20 (Pham's Opposition to Talkdesk's Motion for Preliminary Injunction). Mr. Pham further contends that the attorney-client privilege is not implicated because Mr. Pham's "attorney role" at Talkdesk was limited. *Id*. According to Mr. Pham, most communications made to him were in his non-lawyer roles and were not seeking legal advice. *Id.*

Tthis Court has already ordered Mr. Pham to seal portions of this pleadings containing potentially privileged information. *Pham v. Talkdesk*, ECF No. 12 (Order to Seal Potentially Privileged Information in Pleadings). Moreover, in

addition to being privileged, much of the information in this action may constitute commercially sensitive information that is subject to contractual confidentiality obligations.

2. DEFINITIONS

2.1 Action: These consolidated actions of *Andrew Pham v. Talkdesk, Inc.*, C.A. No. 2:22-cv-05325-MCS-JPR (C.D. Cal.) and *Talkdesk, Inc. v. Andrew Pham*, C.A. No. 2:22-cv-05964-MCS-JPR (C.D. Cal.).

2.2 Challenging Party: a Party or Nonparty that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4 "OUTSIDE COUNSEL OF RECORD EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and contains extremely sensitive financial information.

2.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "OUTSIDE COUNSEL OF RECORD EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9 House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12 Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL OF RECORD EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.  DURATION

Once a case proceeds to trial, all the information that was designated as confidential or maintained under this Order and that is sought to be introduced or used at trial becomes public and will be presumptively available to all members of the public, including the press, unless the trial judge finds compelling reasons to proceed otherwise.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" needed for merits-related documents).  Accordingly, the terms of this Order do not extend to documents introduced or used at trial unless the designating party separately requests and obtains a Court order sealing that portion of the trial record.  This order shall continue to apply to materials not introduced or used at trial until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)  for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL OF RECORD EYES ONLY," as applicable, to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as Protected Material. After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the applicable legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

    (b)  for testimony given in depositions, the Deposition Transcript in its entirety will be presumed CONFIDENTIAL until 28 days after the final transcript is delivered by the court reporter to the parties, or upon agreement of the parties. With 28 days after delivery of the final transcript, the Designating Party must serve by email to all parties a copy of the transcript identifying the Disclosure or Discovery Material that is protected.

    (c)  for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL OF RECORD EYES ONLY," as applicable. If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

    5.3    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

    6.2    The Challenging Party must initiate the dispute-resolution process

(and, if necessary, file a discovery motion) under Local Rule 37.

6.3   The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any Protected Material unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

7.3  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "OUTSIDE COUNSEL OF RECORD EYES ONLY" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, including employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action.

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this

action as Protected Material before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as Protected Material. Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a Nonparty's Protected Material in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Protected Material, then the Party must

(1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2) promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Nonparty, if requested.

(c) If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Protected Material responsive to the discovery request. If

the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. <u>MISCELLANEOUS</u>

12.1 Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2 By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.    SANCTIONS

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _June 28, 2023                  */s/ Stephen Lobbin*
                                                       Stephen Lobbin
                                                       Attorneys for Plaintiff, Andrew Pham

DATED: June 28, 2023                  */s/ Amy Van Zant*
                                                       Amy Van Zant
_____          Attorneys for Defendant, Talkdesk, Inc.

| | |
|---|---|
| 1 | CIVIL LOCAL RULE 5-4.3.4 ATTESTATION |
| 2 | I hereby attest that all other signatories listed, and on whose behalf the filing |
| 3 | is submitted, concur in the filing's content and have authorized the filing. |

DATED: _____, 2023

*/s/ Amy Van Zant*
Amy Van Zant
Attorneys for Defendant, Talkdesk, Inc.

_____

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 7/3/2023

_____
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on _____ [**date**] in the consolidated cases of *Andrew Pham v. Talkdesk, Inc.*, C.A. No. 2:22-cv-05325-MCS-JPR (C.D. Cal.) and *Talkdesk, Inc. v. Andrew Pham*, C.A. No. 2:22-cv-05964-MCS-JPR (C.D. Cal.). I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

ORRICK, HERRINGTON & SUTCLIFFE LLP

- 16 -

STIPULATED PROTECTIVE ORDER
2:22-cv-05325